## UNITED STATES DISTRICT COURT
### District of Maine

| | |
|---|---|
| CHERI CAUDILL,<br>　　　　　　Plaintiff<br><br>v.<br><br>KENNEBEC COUNTY, KENNEBEC COUNTY SHERIFF'S OFFICE, KENNEBEC COUNTY CORRECTIONAL FACILITY, KENNEBEC COUNTY SHERIFF'S OFFICE CORRECTIONS DIVISION, RANDALL LIBERTY, RYAN REARDON, MARSHA ALEXANDER, CALISTA CAMPBELL, LAURA BRIGGS, JESSICA QUINN, DAN CYR, TERRY YORK, BOB DEVLIN, KENNEBEC COUNTY COMMISSIONERS, PATSY G. CROCKETT, NANCY G. RINES, and GEORGE M. JABAR,<br>　　　　　　Defendants | Docket No. 1:18-CV-00164-GZS |

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' BILL OF COSTS**

NOW COME the Defendants, by and through undersigned counsel, and pursuant to F.R.Civ.P. 54(d) and Local Rule 54.3, request that the Court tax costs in favor of the Defendants and against Plaintiff in the amount of $1,418.49. Judgment was entered in this matter on March 28, 2019. This submission is therefore timely pursuant to Local Rule 54.3 and F.RCiv.P. 6(a).

The costs which Defendants seek to recover all fall into three categories: (1) fees of the court reporter for stenographic transcripts necessarily obtained for use in the case, (2) fees for service of subpoenas, and (3) fees for witnesses.

As the Court is aware, the instant matter began as one of three related cases brought by former female corrections officers against Kennebec County and multiple employees of Kennebec

County alleging various discriminatory and illegal practices at the Kennebec County Correctional Facility. While originally brought as one case, Huard v. Kennebec County et al. (Docket No. 1:16-cv-00473-GZS), the Court ordered the claims of the three plaintiffs severed after the close of discovery. Therefore, where appropriate, the Defendants have apportioned the cost of the various expenses incurred in the defense of this case among the three original plaintiffs. In some instances, this results a single cost being separated into thirds, with one-third apportioned to each of the plaintiffs.

1) <u>Fees of the Court Reporter for Stenographic Transcripts Necessarily Obtained for Use in the Case</u>

28 U.S.C. § 1920(2) permits a Defendant to cover costs for fees charged by the court reporter for stenographic transcripts that were obtained for use in the case. Numerous depositions were conducted during the course of discovery in this matter (and the two companion matters). Five of these depositions were relied upon either by the Court in its Order dated March 19, 2019, or by both parties during the briefing of the summary judgment motion filed in this case. Those depositions include the following:

| | | |
|---|---|---|
| Plaintiff Cheri Caudill | July 20, 2017 | $485.71 |
| Plaintiff Cheri Caudill | October 16, 2017 | $349.25 |
| Karen Heavey-Morin | November 2, 2017 | $82.83[1] |
| Bobbi-Jo Dumas | November 29, 2017 | $111.00[1] |
| Louise Schimke | February 9, 2018 | $205.35 |
| Alfred Morin | February 28, 2018 | $72.85[1] |

The Defendant asks the Court to award it costs representing fees of the court reporter for copies of transcripts of the depositions of the witnesses who testified in this case, those fees totaling

---

[1] Defendants are requesting only one-third of the total cost of these depositions as testimony provided at the depositions was relevant to all three of the original plaintiffs.

2

$1,307.03. A copy of the invoices for each of these depositions is attached as Exhibit A and annexed hereto.

2. <u>Fees for Service of Subpoenas</u>

Witnesses Bobbi-Jo Dumas and Karen Heavey-Morin required the service of subpoenas to secure their attendance at deposition. The total cost of serving a subpoena upon Ms. Heavey-Morin was $37.30. Defendants request that the Court award one-third of this cost to Defendants, or $12.43.

Service of a subpoena on Ms. Dumas was less straight-forward. On October 3, 2017, Defendants sent a subpoena to the Kennebec County Sheriff's Office to be served upon Ms. Dumas at her last known address in Vassalboro, Maine. That subpoena was returned to Defendants with a notation that Ms. Dumas had moved to Skowhegan. On October 16, 2017, Defendants sent the same subpoena to the Somerset County Sheriff's Office to be served upon Ms. Dumas in Skowhegan. Service of that subpoena was completed on October 23, 2017. The subpoena compelled Ms. Dumas' attendance at deposition on November 1, 2017, at 11:00 a.m.

On November 1, 2017, Ms. Dumas arrived for her deposition at 1:00 p.m., rather than the scheduled time of 11:00 a.m. At that point, it was no longer possible to conduct Ms. Dumas' deposition on November 1. On that day, Ms. Dumas agreed to appear on another date for deposition and left a telephone number at which she could be reached. After securing a new date for the deposition, Defendants' counsel's office attempted to contact Ms. Dumas and inform her as to that date. However, the telephone number that Ms. Dumas had left did not accept incoming calls, at the subscriber's request. Defendants had no recourse but to serve a second subpoena upon Ms. Dumas. That subpoena was sent out for service on November 2, 2017, Ms. Dumas was served

3

with the subpoena on November 14, 2017, and she did appear for deposition on November 29, 2017.

The Defendants request that the Court award one-third of all of the costs required to compel Ms. Dumas' attendance at deposition.  One-third of the total cost of all three attempts is $60.32.

A copy of the invoices for each of these attempts at service is attached as Exhibit B and annexed hereto.

3.     Fees for Witnesses

Pursuant to 28 U.S.C. § 1821, witnesses are entitled to payment of $40.00 per day, plus necessary travel.  Payment in this amount was made to Witness Dumas in the amount of $54.95 and to Witness Heavey-Morin in the amount of $61.28, for a total of $116.23.  One-third of this cost equals $38.75.  Accordingly, the Defendants claim entitlement to the sum of $38.75, representing witness fees.

## **CONCLUSION**

The Defendants respectfully submit that their Bill of Costs is extremely conservative.  The Defendants have limited their request for costs to those costs that were necessarily incurred in this case.

For these reasons, the Defendants respectfully request that its Bill of Costs be awarded in the total amount of $1,418.49.

Dated:  April 1, 2019                                          /s/  Peter T. Marchesi
                       Peter T. Marchesi, Esq.
                       Wheeler & Arey, P.A.
                       Attorneys for Defendants
                       27 Temple Street
                       Waterville, ME  04901

## UNITED STATES DISTRICT COURT
### District of Maine

|  |  |
|---|---|
| CHERI CAUDILL,<br>　　　　　Plaintiff<br><br>v.<br><br>KENNEBEC COUNTY, KENNEBEC COUNTY SHERIFF'S OFFICE, KENNEBEC COUNTY CORRECTIONAL FACILITY, KENNEBEC COUNTY SHERIFF'S OFFICE CORRECTIONS DIVISION, RANDALL LIBERTY, RYAN REARDON, MARSHA ALEXANDER, CALISTA CAMPBELL, LAURA BRIGGS, JESSICA QUINN, DAN CYR, TERRY YORK, BOB DEVLIN, KENNEBEC COUNTY COMMISSIONERS, PATSY G. CROCKETT, NANCY G. RINES, and GEORGE M. JABAR,<br>　　　　　Defendants | Docket No. 1:18-CV-00164-GZS |

## **CERTIFICATE OF SERVICE**

I, Peter T. Marchesi, Esq., attorney for Defendants, hereby certify that:

- Bill of Costs
- Memorandum of Law in Support of Defendants' Bill of Costs
- Affidavit of Peter T. Marchesi, Esq.

have been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

　　Jackie DiGiacomo, Esq.*jackie.t.digiacomo@gmail.com*

Dated: April 1, 2019　　　　　　　　　　　　/s/ Peter T. Marchesi
　　　　　　　　　　　　　　　　　　　　　　Peter T. Marchesi, Esq.
　　　　　　　　　　　　　　　　　　　　　　Wheeler & Arey, P.A.
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　27 Temple Street
　　　　　　　　　　　　　　　　　　　　　　Waterville, ME 04901