UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| CHERI CAUDILL,<br>    Plaintiff,<br><br>v.<br><br>KENNEBEC COUNTY,<br>et al.,<br>    Defendants. | No. 1:18-cv-00164-GZS |

**ORDER ON BILL OF COSTS**

In accordance with the Court's *Order on Pending Motions*, ECF No. 23, and the *Judgment*, ECF No. 24, in this case, the prevailing party is Defendants. As such, Defendants are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which reads in pertinent part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs...should be allowed to the prevailing party." While the expenses that may be taxed are specified in 28 U.S.C. § 1920, taxable costs must also be "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924. Defendants seek costs in the total amount of $1,418.49 for deposition transcript costs, service fees and fees for witnesses. *Bill of Costs*, ECF No. 25. Plaintiff has objected to the Bill in her *Response to Bill of Costs*, ECF No. 27.

Having made an independent review of Defendants' Bill of Costs and Plaintiff's Response, the Clerk of Court hereby taxes against Plaintiff the total amount of one thousand two hundred sixty-one dollars and eighty-nine cents ($1,261.89). Certain claimed costs are excluded as explained herein.

I.  Public Policy and Indigency

In her response to the claimed Bill of Costs, Plaintiff argues that the Defendants' Bill of Costs should be denied in its entirety for equitable reasons: that the awarding of costs would "chill" similarly-situtated plaintiffs who might be intimidated by the threat of costs; that she has limited resources to pay the costs such that paying them would financially devastate her; and that Defendants have vastly more resources.  *Response*, ECF No. 27, pp. 2-3.

Opposing the Bill of Cost is challenging for Plaintiff as it is for any other non-prevailing party because the First Circuit has interpreted Rule 54(d) as creating a presumption "favoring cost recovery for prevailing (parties)." *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18 (1st Cir. 2008) and *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) ("presumption inherent in Rule 54(d)"); see also *Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 28 (1st Cir. 1994) ("Prevailing parties are normally entitled to costs."); and *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993) ("[T]his negative discretion...operates in the long shadow of a background presumption favoring cost recovery for prevailing parties.").

But, the Court may, in exercising its discretion, consider "the limited financial resources of the plaintiff." *Papas v. Hanlon*, at 704 (1st Cir. 1988).  In considering denial of costs based upon indigency, courts have generally weighed the disparity of resources of the parties, the merit of the plaintiff's claim and the impact

of the award requested. *See DeSaint v. Delta Air Lines*, 2015 WL 4111428 (D. Mass. 2015); *Anunciacao v. Caterpillar Japan*, 283 F.R.D. 44, 45 (D.Mass.2012); *Kuzman v. Hannaford Bros. Co.*, 2005 WL 1981498, at *2 (D.Me. 2005); *Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F.Supp.2d 121, 122 (D.Mass.2002),

As in many civil rights and employment cases, Plaintiff's complaint alleges important statutory issues and rights of public significance, such as those in the case of *Mulvihill v. Spalding*, which was cited by Plaintiff. This Court has considered the *Mulvihill* proposition which states that "where the issues are fairly disputed, it is important that the plaintiff not be 'unduly intimidated' by the threat of imposition of costs in a case raising important issues such as these." *Kuzman v. Hannaford*, 2005 WL 1981498 at *2 (D.Me 2005), quoting *Mulvihill*. The Clerk assumes the Plaintiff's claims had merit or were "fairly disputed" even where the case failed to survive summary judgment; but this Court has also said that "not every Title VII plaintiff, due to the statutory invocation, is absolved from the presumptive working of Rule 54(d)." *Kuzman* at *2. The losing party's good faith in pursuing an action is an insufficient basis to refuse the assessment of costs against her, since "[t]o hold otherwise would frustrate the rule." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994).

Additionally, the presumption of Rule 54(d) cuts against Plaintiff's equitable policy argument where the proposed tax in this case is low. The Clerk believes that similarly-situated plaintiffs would not be chilled or intimidated to bring a lawsuit

that might vindicate important civil rights where the proposed imposition of costs totals only $1,418.49.

Even though the First Circuit acknowledged the indigency exception in *Papas v. Hanlon* and gave district courts discretion to "take into account the limited financial resources of a plaintiff," the inquiry requires more. *Papas*, 849 F.2d at 704. "[T]he district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs *at this time or in the future* (emphasis added). The burden is on the losing party to provide the district court with enough documentation to support such a finding. The documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir.2006).

Plaintiff has asserted that she is unable to pay the costs in this case, stating that she provides financial support for two adult children. She has not, however, provided full information that shows her income and cashflow or her sons', only some of their expenses including credit card bills. *Affidavit*, ECF No. 27-1, p 2. With the limited information provided by the Plaintiff, the Clerk is unable to determine the Plaintiff's household cash flow beyond the bald assertion that she would be "financially devastate(d)" if she had to pay costs. Without a complete picture of the Plaintiff's present financial situation or her future earning potential and given the narrowness of the indigency exception, the Clerk finds that the Plaintiff has failed to meet her burden to demonstrate her eligibility for Rule 54(d)'s

narrow indigency exception even if Kennebec County, et al. have "vastly more resources" than Plaintiff. *Response*, ECF No. 27, p. 3.

II. <u>Lack of Standing</u>

Plaintiff alleges that Defendants have no standing to seek reimbursement of costs because they have not paid the expenses themselves but have been indemnified by the Maine County Commissioner Association's Self-Funded Risk Management Pool. *Id.* at p 3. Plaintiff submitted a copy of the Member Coverage document for the Self-Funded Risk Management Pool. *Response*, ECF No. 27-2. Plaintiff's assertion is countered by Defendants' assertion that they incurred the expenses claimed necessarily. Where there has been no evidence submitted that someone other than the prevailing party has borne the expenses claimed herein, the Clerk will not go against the presumption to tax in favor of the prevailing party and will assume that the prevailing party has not claim these same expenses against their insurance.

III. <u>Fees for Deposition Transcripts</u>

Defendants have claimed a total of $1,306.99 for transcripts obtained in this case. Transcript fees are taxable to the extent that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In its supporting affidavit, Defendants have explained that the depositions were necessary because they were either relied upon by the Court in its order of March 19, 2019 (*Order*, ECF No. 23) or by both parties. *Bill of Cost*, ECF No. 26, p. 2. The Clerk's review of the Court's Order and of docket in this case indicates that each of the transcripts were necessarily

obtained in that they were either used by the Court or were relied upon for the parties' motion work[1].

While each of the transcripts appear to have been necessarily obtained, some of the associated costs for the transcripts will not be taxed. Plaintiff has pointed out that each of the six transcripts includes an index. This Court has held that charges for word indices are not ordered because such items are considered "items for the convenience of counsel." *Burton v. R.J. Reynolds Tobacco, Co.*, 395 F.Supp.2d 1065 at 1080 (D. Kan. 2005); *Keweenaw Bay Indian Community v. Rising*, 2005 WL 3535124 at *2 (W.D. Mich. 2005); and *Charles v. Sanchez*, 2015 WL 11439074 at *12 (W.D. Tex. 2015). Rather than deny the transcript costs in total, the Clerk adopts Plaintiff's estimation that the indices portion of the transcripts amounts to a total of approximately $156.60. *See Response*, ECF No 27, pp. 4-5. Therefore, the claim for transcript costs will be reduced to a tax of $1,150.39.

IV.     Service of Process and Witness Fees

Plaintiff has averred that the Defendants' claimed expenses for service of subpoenas and witness fees should not be taxed because Defendants have failed to provide sufficient proof that the payments were actually made.

The Clerk finds that the service of process fees claimed by Defendants are sufficiently documented on the invoices submitted and attached to the Bill of Cost. *See* ECF No. 25-3, pp. 1-4. The level of documentation and itemization submitted in

---

[1] The Clerk finds that the Court's referential use of some of the transcripts in its Order (ECF No. 23) is sufficient to overcome Plaintiff's allegations that certain depositions were not necessarily obtained or not used. *Response*, ECF No. 27, pp. 6-7.

this case has been sufficient for this Court in the past and proof of actual payment has not been required. With regard to the multiple subpoenas needed to secure Bobbi-Jo Dumas' appearance, the Clerk can find no reason to deny such costs against Rule 54(d)'s presumption and where Dumas' deposition was necessarily obtained for Defendant's use and referred to by the Court in its Order. *Order*, ECF No. 23, p. 8.

Witness fees are expressly authorized as taxable costs by statute, 28 U.S.C. § 1920(3); and the Defendant has made no claim in this case beyond the statutorily authorized attendance fee and the statutorily determined mileage allowances pursuant to 28 U.S.C. § 1821(b) and (c)(2). Both of these costs can be determined on the face of the witnesses' attendance, so the Clerk finds they are recoverable without additional documentation than that which was provided, which is consistent with the Court's past orders.

## ORDER

The Clerk of Court hereby taxes costs in favor of Plaintiff in the amount of one thousand two hundred sixty-one dollars and eighty-nine cents ($1,261.89).

IT IS SO ORDERED.

/s/ Christa K. Berry<br>Clerk, U.S. District Court

Dated this 19th day of April, 2019